1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK T. MURRAY,

               Plaintiff,

    v.

DAVE CHRISTENSON, *et al.,*

               Defendants.

Case No.  C04-5758FDB

REPORT AND
RECOMMENDATION

Noted for May 20, 2005

16

17

18

19

20

     This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court because plaintiff has failed to respond to defendant's motion for summary judgment, (Doc. 23).  For the reasons set forth below, I recommend that the Court grant defendant's motion for summary and dismiss plaintiff's causes of action.

21

## DISCUSSION

22

23

24

25

26

27

28

     Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment. California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987),

1    *cert. denied*, 484 U.S. 1006 (1988)

2         Local Rule CR 7(b)(2) requires each party opposing summary judgment to file a response not later

3    than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration, and Local

4    Rule CR 7(b)(2) states, in part:

5         If a party fails to file papers in opposition to the motion, such failure may be considered by
          the court as an admission that the motion has merit.

6    (Emphasis added).

7         Here, defendants filed their motion for summary judgment on or about February 1, 2005, and the

8    motion was properly noted it for consideration on the court's February 25, 2005, motion calendar.  Prior

9    to the filing of the motion for summary judgment, the court advised plaintiff, pursuant to Rand v. Rowland,

10   154 F.3d 952, 962-963 (9th Cir. 1998), of the severe consequence if opposition was not made to such a

11   motion.  Despite the granting of two extensions, plaintiff has yet to file a timely response to defendants'

12   motion for summary judgment.

13        In the complaint, plaintiff names Dave Christenson, the Superintendent of the Grays Harbor

14   Correction Facility, and H. Steward Menefee, the Prosecuting Attorney for Grays Harbor County.   Mr.

15   Murray claims cruel and unusual treatment at the Grays Harbor Jail, due to the lack of a ladder to get to his

16   top bunk.  Mr. Murray alleged that he fell on October 4, 2004, when he was attempting to get up on his

17   bunk and that he sustained a concussion and black-eye.

18        Defendants assert the following additional facts in their motion for summary judgment:

19        The Correctional Officer assigned to the area of the Jail on the night Murray alleges he fell

20        did not receive any report from Murray or his cell mate regarding the fall. Christensen
          Declaration, ex. 1. Murray filed a grievance regarding this allegation. Christensen

21        Declaration, ex. 2. In response, the Jail assigned him in a lower bunk and had him seen by
          medical. Id. There is no evidence Murray suffered any significant injury as a result of the

22        alleged fall. Upon further investigation, the Jail learned from witnesses that Murray had
          been involved in a fight with another inmate and that had been the actual source of his

23        injuries. Id., ex. 3. The story of the fall from the bunk was purportedly a cover up for the
          fight injuries and as a way to seek damages from the Jail. Id., exs. 4&5. Murray was cited

24        for Knowingly Making a False or Misleading Statement to a Public Servant in violation of
          RCW 9A.76.175. Id., ex. 6. That citation is still pending. Id.

25   Defendants' Motion for Summary Judgment at 2.  Defendants argue they are entitled to summary judgment

26   based on qualified immunity and plaintiff's failure to properly allege a cause of action based on personal

27   participation and/or municipal liability.

28        Having reviewed the dispositive motion, the court finds defendants' arguments persuasive.

REPORT AND RECOMMENDATION
Page - 2

1  Defendants have properly cited authority for their arguments and supported their argument with applicable

2  facts.  Plaintiff has not responded, and thus, plaintiff has failed to raise any genuine issue of fact that would

3  defeat summary judgment.   Accordingly, the court finds defendants are entitled to qualified immunity and

4  plaintiff has failed to properly allege any cause of action based on personal participation of these two

5  defendants or municipal liability.

6                                              CONCLUSION

7       Because plaintiff has not responded to defendant's motion for summary judgment and defendants

8  have offered sufficient evidence to support their motion for summary judgment, the Court should GRANT

9  defendants motion.

10      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

11  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P.

12  6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v.

13  Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

14  set the matter for consideration on **May 20, 2005**, as noted in the caption.

15      DATED this 26th day of April, 2005.

16

17                                    */s/ J. Kelley Arnold*
                                      J. Kelley Arnold
                                      U.S. Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 3